

In The

Court of Appeals

Seventh District of Texas at Amarillo

No. 07-25-00223-CV

IN THE INTEREST OF J.G.M., K.T.M., AND J.M., JR., CHILDREN

On Appeal from County Court at Law Number 1
Randall County, Texas
Trial Court No. 84136-L1, Honorable James Anderson, Presiding

October 27, 2025

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1]  Appellant, A.N.L., appeals from the trial court's order terminating her parental rights to her three children.[2]  We affirm the termination order but

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.) (noting the procedures set forth in *Anders* are applicable in appeals from termination orders).

[2] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE § 109.002(d).  *See also* TEX. R. APP. P. 9.8(b).  The father's rights were also terminated but he did not appeal.  He declined legal representation and appeared pro se at the final hearing.

defer ruling on counsel's motion to withdraw. *See In re P.M.*, 520 S.W.3d 24, 27 (Tex. 2016) (per curiam).

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record, and in his opinion, the record reflects no potentially plausible basis to support an appeal. *In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.). Counsel has demonstrated he has complied with the requirements of *Anders* by (1) providing a copy of the brief to A.N.L., (2) providing a copy of the record to her, and (3) notifying her of the right to file a pro se response if she desired to do so. *Id.* By letter, this Court also granted A.N.L. an opportunity to exercise her right to file a response to counsel's brief, should she be so inclined. She did not file a response. Appellee, the Texas Department of Family and Protective Services, notified this Court it would not file a response unless necessary or specifically requested to do so. No such request was made.

## BACKGROUND

The family has history with CPS with previous investigations being ruled out or closed. According to the investigator's affidavit,[3] on December 13, 2023, a report was made of neglectful supervision when the three children, all under the age of five, were left home alone unsupervised.[4] A 911 call was made reporting the children were outside around 6:00 p.m. A neighbor found the two older children outside and took them in.

---

[3] The investigator testified at trial so there are no hearsay issues with the contents of the Affidavit in Support of Removal.

[4] Exhibits established A.N.L. was placed on deferred adjudication community supervision for three counts of child endangerment.

Police removed the youngest child from the home. Law enforcement eventually contacted the parents, but they claimed they did not have transportation to return home. At that time, neither parent admitted who left the children alone.

There was a history of domestic violence between the parents, including a recent incident. The Department had concerns about A.N.L.'s protective capabilities concerning the children and fearing immediate danger to the children, removed them from the home. The youngest child was placed in a foster home in Amarillo while the two older children were placed in a foster home in Lubbock.

A.N.L. completed her services and maintained her sobriety. She also kept in contact with her caseworker. She did not, however, maintain stable housing (multiple relocations and two evictions) or show six months of stable employment. She described her relationship with the children's father as "toxic" and testified she sought a protective order to keep him from the children. But she minimized the violent relationship and continued to have contact with him at least weekly throughout the proceedings despite a condition not to if she wanted the return of her children. She testified she knowingly left her young children alone and pleaded guilty to three counts of child endangerment. She then denied leaving them alone and only claimed she did because she was told to by the children's father. At times, she contradicted herself or made untruthful statements.

A.N.L.'s behavior endangered the children's physical and emotional well-being. Evidence of improved conduct of short duration does not negate a history of irresponsible choices which created an endangering environment for the children. *In re J.O.A.*, 283 S.W.3d 336, 346 (Tex. 2009). Testimony from the permanency specialist demonstrated

3

the foster parents were willing to adopt the children. Although they were bonded with their mother and their visits were appropriate, she could not provide stability and a safe environment for them.

The trial court held a hearing and heard testimony from over a dozen witnesses. At the conclusion of the testimony, the trial court announced it was in the children's best interests to terminate A.N.L.'s parental rights on the following statutory grounds:

(1) knowingly placed or knowingly allowed her children to remain in conditions or surroundings which endangered their physical or emotional well-being; and

(2) engaged in conduct or knowingly placed her children with persons who engaged in conduct which endangered their physical or emotional well-being;

*See* TEX. FAM. CODE § 161.001(b)(1)(D), (E), (2).

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008). We have found no such issues. *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). This Court also reviewed the record to determine whether sufficient evidence, both legally and factually, supported the trial court's finding that A.N.L. endangered her children under section 161.001(b)(1)(D) or (E) of the Texas Family Code. Such evidence was found and includes, but is not limited to, that discussed under the topic "Background." Our review also applies to the trial court's finding regarding the children's best interests as reviewed

4

under the factors set forth in *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976).  After reviewing the record and counsel's brief, we agree there is no plausible basis for reversal.

**CONCLUSION**

The trial court's *Order of Termination* is affirmed.[5]

Alex Yarbrough
Justice

---

[5] We take no action on counsel's motion to withdraw but call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review.  *In re P.M.*, 520 S.W.3d at 27.